IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| GUILLERMO ALVAREZ #1856041 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16cv39 |
| | § | |
| BOBBY BERGT ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Guillermo Alvarez, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Captain Bobby Bergt, counsel substitute Amanda Jordan, and Assistant Warden Lonnie Townsend.

**I. Plaintiff's Allegations**

Plaintiff states on October 24, 2015, three prisoners, including Rodriguez, Solis, and one who was not identified, were seen on a surveillance video cutting a fence. At the same time, Plaintiff was seen on video getting a haircut in front of 19 Building. The unidentified prisoner at the fence was wearing white commissary shoes and a white T-shirt, while Plaintiff was wearing black state-issue boots and no T-shirt.

Six days later, Rodriguez and Solis were placed in pre-hearing detention. Lt. Foster stated Plaintiff was suspected of attempting to escape with Rodriguez and Solis. Major Alexander questioned Plaintiff about the incident and Plaintiff invoked his right to remain silent. Alexander made a racially oriented threat toward Plaintiff.

On November 10, 2015, Plaintiff states he was charged with attempted escape. A hearing was conducted on November 13. At this hearing, Warden Townsend testified he identified Plaintiff

as one of two prisoners standing next to Rodriguez, who was cutting the fence. Townsend stated he identified Plaintiff by matching his photo identification to the surveillance video, but Townsend was unable to describe the mole on Plaintiff's face or any of his distinctive tattoos.

Captain Bergt, the disciplinary hearing officer, asked counsel substitute Amanda Jordan if she saw Plaintiff on the video, to which Jordan said "yes." Plaintiff replied if Jordan had seen the video, she could not mistake him for the other offender because of the mole on his face. Jordan looked down and said nothing, and Captain Bergt announced a finding of guilt.

Following the hearing, Plaintiff states Jordan asked to see the video again. Captain Bergt told her only the warden could see the video. Although Captain Bergt was told the video could be viewed in Major Pope's office, he continued to refuse to watch it.

## II. Plaintiff's Claims and the Report of the Magistrate Judge

In his lawsuit, Plaintiff asserts he is wrongly classified and treated as an escape risk. He also complains of the validity of his disciplinary case. Plaintiff asserts violations of procedural and substantive due process as well as equal protection.

After review of the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed. The Magistrate Judge observed Plaintiff is not eligible for release on mandatory supervision and determined Plaintiff's procedural and substantive claims regarding his disciplinary case lacked merit because Plaintiff did not show the deprivation of any constitutionally protected liberty interests. Likewise, the Magistrate Judge concluded Plaintiff's classification as an escape risk did not implicate any protected liberty interests.

The Magistrate Judge further stated Captain Bergt's failure to watch the surveillance video and the allegedly false statements made during the hearing did not implicate any constitutional rights. The Magistrate Judge rejected Plaintiff's equal protection claim and determined Plaintiff failed to state a viable retaliation claim.

**III. Plaintiff's Objections to the Report**

After summarizing the facts, Plaintiff asserts a liberty interest can be created by the Due Process Clause of its own force in the classification characteristics used by the Unit Classification Committee and the State Classification Committee. He states good time helps everyone toward a review date and contends this provides him with a liberty interest.

Next, Plaintiff states the hearing was conducted in such a way as to deprive him of due process. He cited a Ninth Circuit Court of Appeals case to show the lack of a fair hearing regardless of the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff argues his right to equal protection was violated because all prisoners are entitled to present documentary evidence and the exclusion of the surveillance video shows the existence of purposeful discrimination. He claims he was transferred with a recommendation for release from segregation, but the officials at the Robertson Unit failed to release him to general population. Although Plaintiff states the transfer was done because the video proved he was not involved in the escape attempt, he contends the officials at the Robertson Unit were not told the video proved this.

Plaintiff argues he has been stigmatized with the escape classification despite proof he did nothing wrong. He maintains this escape classification is an atypical or significant hardship in relation to the ordinary incidents of prison life because it is both false and implies he is guilty of serious wrongdoing. Plaintiff states he was the target of a criminal investigation and was accused of participating in the act and asserts the allegations suggest invidious, group-based discrimination, although he does not identify the group allegedly targeted.

**IV. Plaintiff's Amended Complaint**

Some two months after filing his objections to the Magistrate Judge's Report, Plaintiff filed an amended complaint. This amended complaint named Captain Bergt as the only Defendant and asserts Bergt knowingly and deliberately refused to consider clear and convincing evidence.

Plaintiff states Bergt held the disciplinary hearing and Warden Townsend testified he identified Plaintiff on the surveillance video as one of the offenders who cut the fence. Bergt asked Plaintiff's counsel substitute if Plaintiff was on the video, and she said yes, but later stated she had made a mistake and asked to review the video again. Bergt would not allow her to do so.

In a memorandum attached to his amended complaint, Plaintiff asserts he is not being punished because he tried to escape, but because he invoked his right to remain silent. He contends that classifying him as an escape risk when he did not attempt to escape is not a speculative or collateral consequence and that he lost any chance at rehabilitation and an early parole.

Plaintiff argues Bergt's refusal to review the surveillance video proves that Plaintiff was not proven to be one of the inmates who cut the fence. He claims he has a liberty interest in a disciplinary hearing that actually considers clear and convincing proof that he was not one of the three offenders who cut the fence and contends the knowing use of false charges to punish an inmate for exercising his right to remain silent is not an ordinary incident of prison life.

Next, Plaintiff argues he was the victim of an equal protection "class of one" violation in that all prisoners are entitled to present documentary evidence, including video proof, but this proof was excluded because of his exercise of his right to remain silent. He insists there was clear indication he had been misidentified and asserts this was solely because of Major Alexander's threat.

**V. Discussion**

A. Substantive Due Process

The Supreme Court has held the States may, under some circumstances, create liberty interests protected by the Due Process Clause, but such interests are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. The

operative interest involved is the nature of the deprivation. Examples of restraints triggering the Due Process Clause of their own force include transfer to a mental hospital and involuntary administration of psychotropic drugs, but confinement in disciplinary segregation is not such a deprivation. Sandin, 515 U.S. at 485.

Plaintiff's objections complain at length of being "stigmatized" as an escape risk, but the Magistrate Judge correctly concluded such a classification is not an atypical or significant hardship giving rise to a protected liberty interest. Metcalf v. McMillian, 68 F.3d 465 (5th Cir. 1995). Decisions from other circuits have arrived at the same conclusion. *See* Hensley v. Levenhagen, civil action no. 3:10cv522, 2011 U.S. Dist. LEXIS 1901 (N.D.Ind. Jan. 5, 2011), (citing Lekas v. Briley, 405 F.3d 602, 608–09 (7th Cir. 2005) and Townsend v. Fuchs, 522 F.3d 765, 766 (7th Cir. 2008); *accord*, Tilley v. Allegheny County Jail, civil action no. 09-299, 2010 U.S. Dist. LEXIS 93388 (W.D.Pa. Sept. 8, 2010) (no constitutional right not to be classified as an escape risk or to be free from being falsely accused of being an escape risk). This is consistent with the long-standing principle providing prisoners have no protected liberty interest in their custodial classification. Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992). Plaintiff's classification as an escape risk, based on a disciplinary case which he does not allege has been overturned, did not violate any procedural or substantive due process guarantees. This objection is without merit.

### B. Procedural Due Process

Plaintiff also complains he was denied procedural due process in the disciplinary proceeding. He acknowledged he is not eligible for mandatory supervision. The Magistrate Judge properly determined Plaintiff did not show the punishments imposed in the disciplinary case implicated any constitutionally protected liberty interests.

Although Plaintiff's objections argue he has a liberty interest because good time helps everyone toward a review date, Texas law provides the sole purpose of good time is to advance a prisoner's eligibility for parole or mandatory supervision. Tex. Gov. Code art. 498.003(a). Because

Plaintiff is not eligible for release on mandatory supervision, his good time credits only advance his eligibility for parole, and there is no liberty interest in release on parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708–09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of good time credits do not affect a constitutionally protected right, but only the "mere hope" of release on parole. This hope is not protected by due process. *See* Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 11 (1979); *accord* Gilbertson v. Tex. Bd. of Pardons & Paroles, 993 F.2d 74, 75 (5th Cir. 1993). The timing of Plaintiff's release is too speculative to give rise to a constitutionally protected liberty interest. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

The procedural protections of the Due Process Clause are only triggered where there has been a deprivation of a constitutionally protected life, liberty or property interest. Toney v. Owens, 779 F.3d 330, 336 (5th Cir. 2015). Plaintiff failed to show such a deprivation and thus cannot maintain a procedural due process claim.

In his objections, Plaintiff cites Foulds v. Corley, 833 F.2d 52, 54 (5th Cir. 1987), in which the prisoner alleged he was punished because other inmates attempted to escape. The prisoner denied any knowledge of or participation in the escape, but was placed in solitary confinement to coerce inculpatory statements. He requested corroborative witnesses before an investigating disciplinary board, but the request was denied; when the prisoner continued to profess ignorance of the escape attempt, he was sentenced to solitary confinement for 15 days as well as restrictions on commissary, telephone and visitation privileges.

The prisoner alleged the charge against him lacked evidentiary support; the jail officials knew the charge was baseless but conducted a pretextual hearing; and the action was neither random nor authorized but was intentionally done in accordance with established jail procedures. The Fifth Circuit concluded these actions would, if true, amount to a due process violation.

The decision in Foulds pre-dates Sandin v. Conner and thus was decided without Sandin's guidance regarding the determination of the existence of liberty interests protected by the Due

Process Clause. In Sandin, the Supreme Court held the States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, but these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

While some prior cases held the mandatory or discretionary language of the regulations involved determined whether or not a liberty interest existed, the Supreme Court announced in Sandin that this analytical framework has "strayed from the real concerns undergirding the liberty protected by the Due Process Clause." Rather than examining the language of the regulations, the Supreme Court specifically disapproved of the mandatory or discretionary language analysis, stating the operative interest involved was the nature of the deprivation. Sandin, 115 S.Ct. at 2300 n.5. In other words, those deprivations—the punishments imposed as a result of the challenged disciplinary case—which do not exceed the prisoner's sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, and which do not impose atypical or significant hardships upon the prisoner in relation to the ordinary incidents of prison life, do not implicate any constitutionally protected liberty interests.

The Supreme Court cited Vitek v. Jones, 445 U.S. 480 (1980) (transfer to mental hospital triggers Due Process Clause) and Washington v. Harper, 494 U.S. 210, 221-222 (1990) (involuntary administration of psychotropic drugs implicates Due Process Clause), as examples of restraints which trigger the Due Process Clause of their own force, but stated the incarceration in disciplinary segregation present in Sandin did not create the type of deprivation in which the State might have created a liberty interest. Sandin, 115 S.Ct. at 2297 n.4, 2299–300. As a result, the Supreme Court held neither the prison regulations at issue nor the Due Process Clause itself afforded the inmate a protected liberty interest entitling him to the procedural protections of Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974). Sandin, 115 S.Ct. at 2302. The fact the plaintiff was not permitted to call

witnesses at his disciplinary hearing was not sufficient to accord him relief because no protected liberty interest was at stake.

The punishments imposed upon the plaintiff in Foulds included 15 days of solitary confinement, and restrictions upon commissary, telephone, and visitation privileges. Because Foulds pre-dated Sandin, the court did not consider whether these punishments implicated any constitutionally protected liberty interests and thus triggered due process protections.

In Lewis v. Dretke, 54 F.App'x 795 (5th Cir. 2002), the Fifth Circuit held that 30 days of cell and commissary restrictions (including loss of recreation and library privileges as well as the ability to attend religious services), 90 days loss of telephone privileges, 15 days of solitary confinement, and a reduction in classification and custodial status did not implicate any constitutionally protected liberty interests and thus did not trigger due process protections. *See also* Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000) (30-day loss of commissary privileges and cell restriction do not implicate due process concerns).

None of the punishments imposed upon the plaintiff in Foulds appear to implicate any constitutionally protected liberty interests. Thus, the court's holding that the plaintiff's claims could amount to a denial of due process has been rendered questionable by Sandin and its progeny. The Court has no occasion to consider the extent to which the holding in Foulds may have survived Sandin; for purposes of the present case, it is clear Plaintiff has not shown the deprivation of a constitutionally protected liberty interest, rendering his due process claim without merit.

Plaintiff further objects by citing the Ninth Circuit decision in Burnsworth v. Grunderson, 179 F.3d 771, 775 (9th Cir. 1999), which held a disciplinary hearing must be fair even where no liberty interest is implicated. The Magistrate Judge correctly determined no cases from the Fifth Circuit have reached the same conclusion as Burnsworth and the Ninth Circuit's reasoning in that case differs from applicable Fifth Circuit precedent. Plaintiff's objections in this regard are without merit.

C. Equal Protection

Plaintiff presents the vague and general assertion that all prisoners are entitled to present documentary evidence in support of his equal protection claim, but the Magistrate Judge correctly stated conclusory allegations are insufficient to support "class of one" discrimination allegations. Plaintiff identified no one similarly situated to him who received different treatment or pointed to facts showing any such different treatment had no rational basis. *See* Bell v. Woods, 382 F.App'x 391 (5th Cir. June 18, 2010) (allegation that inmate was treated differently from other sex offenders failed to set out a claim where inmate did not identify other sex offenders who were allowed to enroll in computer courses, nor did he allege other prisoners were convicted of the same offense as he was or they were allowed into the same courses for which he had applied), *citing* Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (vague allegation that non-drug addicts received better medical care did not set out an equal protection violation); *see also* Adkins v. Kaspar, 393 F.3d 559, 566 (5th Cir. 2004) (rejecting prison discrimination claim based on "bald, unsupported, conclusional allegations").

In his objections, Plaintiff speculates the exclusion of the surveillance video shows the existence of purposeful discrimination. Although he claims other inmates are allowed to present documentary evidence, implying he was singled out for disparate treatment, the Fifth Circuit has discussed other cases in which surveillance videos were excluded, holding the prison disciplinary hearing officer did not violate due process by refusing to watch the video despite the prisoner's request for the hearing officer to do so. Arceneaux v. Pearson, 449 F.App'x 396 (5th Cir. 2011); Neal v. Casterline, 129 F.App'x 113 (5th Cir. 2005). As the Magistrate Judge stated, Plaintiff set out no specific facts showing purposeful discrimination and identified no one who received different treatment. His objections are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1)

(district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")  Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit.  It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 9) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* for failure to state a claim upon which relief may be granted.  It is further

**ORDERED** the Clerk shall send a copy of this Opinion to the Administrator of the Strikes List for the Eastern District of Texas.  Finally, it is

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED**.

   **SIGNED** this 26th day of January, 2017.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE